12 CIV 3495

JUDGE PAULEY

Louis Pechman
N. Marely Mercado
Berke-Weiss & Pechman LLP
488 Madison Avenue - 11th Floor
New York, New York 10022
(212) 583-9500
*Attorneys for Plaintiff*

MAY - 3 2012
U.S.D.C. S.D. N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
EDGAR BOJORGES LOPEZ, on behalf of himself and :
all others similarly situated,

                       Plaintiff, :

                 -against- :

AVO GROUP INC. d/b/a SOBA TOTTO,  and :
RYUICHI "BOBBY" MUNEKATA,

                Defendants. :
--------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION**

**ECF CASE**

       Plaintiff Edgar Bojorges Lopez ("plaintiff"), on behalf of himself and all others

similarly situated, by his attorneys Berke-Weiss & Pechman LLP, complaining of

defendants Avo Group Inc. d/b/a Soba Totto, and Ryuichi "Bobby" Munekata

(collectively referred to herein as "defendants" or "Soba"), alleges:

### NATURE OF THE ACTION

      1.    This action is brought to recover unpaid minimum wages, unpaid

overtime wages, and unpaid spread-of-hours pay pursuant to the Fair Labor Standards

Act, 29 U.S.C. § 201, *et seq*. ("FLSA"), and the New York Labor Law § 190, *et seq*.

("NYLL"), and to recover damages for discrimination based on race and national origin

under the New York State Executive Law ("NYSEL") and New York City Human

Rights Law ("NYCHRL").

2.      Soba has systematically ignored the requirements of the FLSA and NYLL, failed to compensate its employee at the statutory minimum wage and overtime rates, and failed to pay spread-of-hours.

3.      Plaintiff seeks injunctive and declaratory relief against defendants' unlawful actions and compensation for unpaid minimum wage, unpaid overtime, unpaid spread-of-hours pay, liquidated damages, compensatory damages, punitive damages, pre-judgment and post-judgment interest, and attorneys' fees and costs pursuant to the FLSA and NYLL.

## JURISDICTION

4.      This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over plaintiff's claims under the NYLL pursuant to 28 U.S.C. §§ 1332 and 1367.

## VENUE

5.      Venue is proper in the Southern District of New York under 28 U.S.C. § 1391, as Soba is located in the Southern District of New York.

## THE PARTIES

**Plaintiff**

6.      Edgar Bojorges Lopez ("Bojorges") resides in Brooklyn, New York. Bojorges was employed as a line cook at Soba from on or about March 15, 2010 to on or about April 10, 2012.

7.      At all times relevant to this action, Bojorges has been an employee of defendants who is engaged in commerce or the production of goods for commerce.

2

**Defendants**

8.      Defendant Avo Group, Inc. is a New York corporation that owns and operates Soba Totto, a restaurant located at 211 E. 43 Street, New York, New York, 10017. Soba prepares and serves Japanese cuisine for customers on its premises.

9.      Defendant Ryuichi "Bobby" Munekata ("Munekata") is a natural person engaged in business in the City and County of New York, who is an owner of Soba, and is sued individually in his capacity as an owner, officer and/or agent of Soba. Munekata exercises sufficient control over Soba's operations to be considered plaintiff's employer under the FLSA and NYLL, and at all times material herein established and exercised authority regarding the pay practices at Soba.

10.     Since on or about November 2003, defendant Avo Group, Inc. d/b/a Soba Totto has been an "enterprise engaged in interstate commerce" within the meaning of the FLSA. Defendant Avo Group has: (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.

## COLLECTIVE ACTION ALLEGATIONS

11.     The claims in this Complaint arising out of the FLSA are brought by plaintiff on behalf of himself and similarly situated persons (*i.e.* non-exempt kitchen workers) who are current and former employees of Soba since the date three years prior to the filing of this Complaint who elect to opt-in to this action (the "FLSA Collective").

12.     The FLSA Collective consists of approximately twenty-five (25) similarly situated current and former employees of Soba, who, over the last three years also performed food service duties, and who have been victims of defendants' common

3

policy and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them overtime and other wages.

13.     As part of its regular business practice, defendants have intentionally, willfully, and repeatedly harmed plaintiff and the FLSA Collective by engaging in a pattern, practice, and/or policy of violating the FLSA. This policy and pattern or practice includes, *inter alia*, the following:

   a.   failing to pay employees the applicable minimum wage for all time worked;

   b.   failing to pay employees the applicable overtime rate for all time worked in excess of forty (40) hours per week;

   c.   failing to keep accurate records of hours worked by employees as required by the FLSA and the NYLL; and

   d.   failing to pay employees spread-of-hours compensation of one hour's pay at the minimum wage for each day in which their workday spanned more than ten (10) hours.

14.     Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and the NYLL.

15.     Defendants' unlawful conduct has been intentional, willful, and in bad faith, and has caused significant damage to plaintiff and the FLSA Collective.

16.     The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Soba, are readily identifiable, and locatable through Soba's records. These similarly situated employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. § 216(b).

4

## THE FAILURE OF SOBA TO PAY MINIMUM WAGE, OVERTIME, AND FOR HOURS WORKED

17.     Bojorges worked as a line cook at Soba.  Soba is open Monday through Friday from 11:45am until 2:30pm for lunch and 6:00pm until 11:30pm for dinner, Saturday from 5:30pm until 11:30pm, and Sunday from 5:30pm until 10:30pm.

18.     During the first year of his employment Bojorges worked from 10:00am until 12:00am Monday through Friday and from 3:00pm until 11:00pm or 12:00am on Saturday. Monday through Friday he took a two hour break.  During the second year of his employment Bojorges added a Sunday shift from 3:00pm until 11:00pm or 12:00am to his schedule.  He took no breaks during his second year.

19.     The minimum wage in 2010 was seven dollars and fifteen cents ($7.15) per hour, and rose to seven dollars and twenty-five ($7.25) per hour on or about July 2011. However, Bojorges was paid only six dollars ($6.00) per hour at the start of his employment, and his rate increased by approximately fifty cents ($.50) on or about every six months. Bojorges was paid by a combination of check and cash twice a month.

20.     During his first year of employment Bojorges regularly worked approximately sixty-eight (68) hours per week and was paid between six dollars ($6.00) and seven dollars ($7.00) per hour for all hours worked. During his second year of employment Bojorges regularly worked approximately eighty-seven (87) hours per week and was paid between seven dollars ($7.00) and eight dollars and twenty-five cents ($8.25) per hour for all hours worked.

21.     Other employees at Soba similarly work sixty-eight (68) to eighty-seven (87) hours per week, and are paid a flat rate per hour for all hours worked.

5

22.     Soba did not pay Bojorges, or other employees at Soba, overtime pay of one and one-half (1½) times his regular rate of pay for hours worked in excess of forty (40) per workweek.

## DEFENDANTS' VIOLATIONS OF THE
## WAGE THEFT PREVENTION ACT

23.     Plaintiff was never given a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL §191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law.

24.     When defendants paid plaintiff they only occasionally provided him with a statement listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

## SPREAD-OF-HOURS PAY VIOLATION

25.     Bojorges worked more than ten (10) hours a day Monday through Friday. However, Soba willfully and intentionally failed to compensate him with an additional

6

one hour's pay at the full minimum wage for each day Bojorges's workday exceeded ten (10) hours, as required spread-of-hours pay under the NYLL.

26.     Similarly, other employees at Soba work in excess of ten (10) hours per day, and Soba does not pay them the required spread-of-hours pay of an additional hour's pay at the minimum wage for every day in which their workday spans more than ten (10) hours.

## DISCRIMINATION

27.     Plaintiff is Hispanic, while defendant Ryuichi Munekata is Japanese. Munekata regularly pays Japanese employees more than Hispanic employees for the same or similar work.

28.     On or about April 10, 2012 Soba hired a new Japanese cook, known as "Taka." Taka performed the same duties as Bojorges, but told Bojorges he would be paid $14 or $15 per hour. "Kengo," another Japanese cook who was hired in January, was paid about $10 per hour.

29.     When Bojorges asked Soba's sous chef, Gori, why the new Japanese cook was paid more than he was, he was told that Japanese employees are more expensive than Hispanic employees.

30.     Plaintiff quit his job at Soba on or about April 10, 2012 after learning that the restaurant paid Japanese employees a higher rate of pay for the same or similar work.

31.     Soba has a pattern and practice of paying Japanese employees at a higher pay rate than Hispanic employees who perform the same or similar duties.

7

## FIRST CLAIM
### (Fair Labor Standards Act – Unpaid Minimum Wage)

32.     Plaintiff repeats and realleges paragraphs 1 through 31 as if fully set forth herein.

33.     Defendants are employers within the meaning of 29 U.S.C. §§ 203(e) and 206(a).

34.     Defendants were required to pay to plaintiff and the FLSA Collective the applicable federal minimum wage rate.

35.     Defendants failed to pay plaintiff and the FLSA Collective the minimum wages to which they were entitled under the FLSA.

36.     Defendants failed to pay plaintiff and the FLSA Collective for the actual hours that they worked.

37.     Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA.

38.     As a result of defendants' willful violations of the FLSA, plaintiff and the FLSA Collective suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, pre-judgment interest, post-judgment interest, attorneys' fees and costs of this action, and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM
### (New York Labor Law – Unpaid Minimum Wage)

39.     Plaintiff repeats and realleges paragraphs 1 through 38 as if fully set forth herein.

40.     Defendants are employers within the meaning of the NYLL §§ 190, 651(5), 652, and supporting New York State Department of Labor Regulations, and employed plaintiff.

41.     Defendants failed to pay plaintiff and other kitchen workers the minimum wages to which they were entitled under the NYLL.

42.     Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay plaintiff and other kitchen workers the minimum hourly wage.

43.     As a result of defendants' violations of the NYLL, plaintiff and other kitchen workers are entitled to recover unpaid wages, reasonable attorneys' fees and costs of the action, liquidated damages and pre-judgment and post-judgment interest.

### THIRD CLAIM
### (Fair Labor Standards Act – Unpaid Overtime)

44.     Plaintiff repeats and realleges paragraphs 1 through 43 as if fully set forth herein.

45.     Defendants are required to pay plaintiff and the FLSA Collective one and one-half (1½) times the regular rate of pay for all hours they worked in excess of forty (40) hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, et seq.

46.     Defendants have failed to pay plaintiff and the FLSA Collective the overtime wages to which they are entitled under the FLSA.

47.     Defendants have willfully violated the FLSA by knowingly and intentionally failing to pay plaintiff and the FLSA Collective overtime wages.

48.     Due to defendants' violations of the FLSA, plaintiff and the FLSA Collective are entitled to recover their unpaid overtime wages, liquidated damages,

reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## FOURTH CLAIM
### (New York Labor Law – Unpaid Overtime)

49.    Plaintiff repeats and realleges paragraphs 1 through 48 as if fully set forth herein.

50.    Under the NYLL and supporting New York State Department of Labor Regulations, defendants were required to pay plaintiff and other kitchen workers one and one (1½) half times the regular rate of pay for all hours they worked in excess of forty (40) hours in a workweek.

51.    Defendants have failed to pay plaintiff and other kitchen workers the overtime wages to which they were entitled under the NYLL.

52.    Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay plaintiff and other kitchen workers overtime wages.

53.    Due to defendants' willful violations of the NYLL, plaintiff and other kitchen workers are entitled to recover their unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages and pre-judgment and post-judgment interest.

## FIFTH CLAIM
### (New York Labor Law – Spread-of-Hours Pay)

54.    Plaintiff repeats and realleges paragraphs 1 through 53 as if fully set forth herein.

55.    Defendants have willfully failed to pay plaintiff and other kitchen workers additional compensation of one (1) hour's pay at the basic minimum hourly wage rate for each day during which they worked more than ten (10) hours.

56.     By defendants' failure to pay plaintiff and other kitchen workers spread-of-hours pay, defendants have willfully violated the NYLL Article 19, §§ 650, *et seq.*, and the supporting New York State Department of Labor Regulations, including, but not limited to the Hospitality Industry Wage Order, 12 N.Y.C.R.R. §§ 146-1.6.

57.     Due to defendants' willful violations of the NYLL, plaintiff and other kitchen workers are entitled to recover an amount prescribed by statute, reasonable attorneys' fees and costs of the action, pre-judgment and post-judgment interest, and liquidated damages.

### SIXTH CLAIM
### (New York Labor Law – Wage Theft Prevention Act)

58.     Plaintiff repeats and realleges paragraphs 1 through 57 as if fully set forth herein.

59.     Defendants failed to furnish to plaintiff and other kitchen workers at the time of hiring a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the NYLL § 195(1).

60.     Due to defendants' violation of the NYLL § 195(1), plaintiff and other kitchen workers are entitled to recover from defendants liquidated damages of $50.00 per workweek that the violation occurred, up to a maximum of $2,500.00, reasonable

attorney's fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-b).

61.     Defendants failed to furnish to plaintiff and other kitchen workers with each payment of wages a statement listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of the NYLL § 195(3).

62.     Due to defendants' violation of the NYLL § 195(3), plaintiff and other kitchen workers are entitled to recover from the defendants liquidated damages of $100.00 per workweek that the violation occurred, up to a maximum of $2,500.00, reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-d).

63.     As a result of defendants' willful violations of the FLSA, plaintiff and other kitchen workers are entitled to recover from defendants for front-pay, back-pay, mental anguish, punitive damages, reasonable attorneys' fees, liquidated damages and pre-judgment and post-judgment interest.

## SEVENTH CLAIM
### (Discrimination Under the New York City Human Rights Law)

64.     Plaintiff repeats and realleges paragraphs 1 through 63 of this complaint as if fully set forth herein.

65.     Defendant Soba is an "employer" within the meaning of the New York City Human Rights Law, N.Y.C. Admin. Code § 8-107(1)(a).

12

66.     Defendant Ryuichi Munekata is a "person" and "agent" of Soba within the meaning of the New York City Human Rights Law, N.Y.C. Admin. Code § 8-107(6).

67.     Defendants discriminated against plaintiff in violation of the New York City Human Rights Law by paying him less than Japanese workers for the same or similar work because of his national origin (Mexican) and race (non-Asian).

68.     As a result of defendants' discriminatory acts, plaintiff is entitled to monetary damages and compensatory damages for, inter alia, mental anguish, emotional distress, and humiliation.

69.     Defendants acted intentionally and with malice and reckless indifference to plaintiff's rights under the New York City Human Rights Law and are thereby liable to plaintiff for punitive damages under the New York City Human Rights Law.

### EIGHTH CLAIM
### (Discrimination Under the New York State Executive Law)

70.     Plaintiff repeats and realleges paragraphs 1 through 69 of this complaint as if fully set forth herein.

71.     Defendant Soba is an "employer" within the meaning of § 296(1) of the Executive Law.

72.     Defendant Ryuichi Munekata is an "employer" within the meaning of § 296(1) of the Executive Law.

73.     Defendants discriminated against plaintiff in violation of the Executive Law by paying him less than Japanese workers for the same or similar work because of his national origin (Mexican) and race (non-Asian).

74.     As a result of defendants' discriminatory acts, plaintiff is entitled to monetary damages and compensatory damages for, inter alia, mental anguish, emotional distress, and humiliation.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff, on behalf of himself and the FLSA Collective, respectfully requests that this Court enter a judgment:

a. to declare that defendants have violated the minimum wage and overtime provisions of the FLSA and the NYLL;

b. to declare that defendants have violated the overtime provisions of the FLSA and the NYLL;

c. to declare that defendants have violated the spread-of-hours provisions of the NYLL and the New York State Department of Labor Regulations;

d. to declare that defendants' violations of the FLSA and NYLL were willful;

e. to award plaintiff and the FLSA collective damages for unpaid minimum and overtime wages;

f. to award plaintiff liquidated damages as a result of defendants' failure to furnish a notice at the time of hiring pursuant to the NYLL;

g. to award liquidated damages as a result of the defendants' failure to furnish statements with each payment of wages pursuant to the NYLL;

h. to award plaintiff and the FLSA collective liquidated damages in an amount equal to twice the total amount of the wages found to be due, pursuant to the FLSA and the NYLL;

i. to award plaintiff and the FLSA collective pre-judgment and post judgment interest under the FLSA and the NYLL;

j. to award plaintiff and the FLSA collective reasonable attorneys' fees and costs pursuant the FLSA and the NYLL;

k. to award plaintiff compensatory damages for, *inter* alia, mental anguish, emotional distress, and humiliation;

l.   to award plaintiff punitive damages for defendants' intentional disregard of and reckless indifference to plaintiff's rights;

m. to authorize the issuance of notice at the earliest possible time to all non-exempt kitchen employees who were employed by defendants during the three years immediately preceding the filing of this action.  This notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit; and

n. to award such other and further relief as the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury in this action.

Dated: New York, New York
      May 2, 2012

BERKE-WEISS & PECHMAN LLP

By:

Louis Pechman
N. Marely Mercado
488 Madison Avenue - 11th Floor
New York, New York 10022
(212) 583-9500
*Attorneys for Plaintiff*
